**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Federal Trade Commission,

      Petitioner,

      v.

The Stratics Group Inc., a corporation, also d/b/a
Stratics Networks

      Respondent.

Case No. _____

**PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING**
**CIVIL INVESTIGATIVE DEMANDS**

Petitioner, the Federal Trade Commission ("FTC" or "Commission"), by its designated

attorneys and pursuant to Section 20 of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. § 57b-1, petitions this court for an Order requiring Respondent, The Stratics Group Inc.,

also d/b/a Stratics Networks ("Respondent"), to comply with two civil investigative demands

("CIDs").[1] The Commission issued the CIDs in the course of a nonpublic investigation

concerning possible violations by Respondent of Section 5 of the FTC Act, 15 U.S.C. § 45(a),

and the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310, *et seq.* Section 5 prohibits unfair or

deceptive acts or practices; the TSR prohibits "abusive" telemarketing, including (1) initiating,

causing the initiation, or assisting and facilitating the initiation of, telemarketing sales calls that

---

[1] CIDs are a type of investigative administrative subpoena. *See, e.g., FTC v. Invention Submission Corp.*, 965 F.2d
1086, 1087 (D.C. Cir. 1992); *General Finance Co. v. FTC*, 700 F.2d 366, 367 (7th Cir. 1983); *FTC v. LabMD, Inc.*,
*et al.*, Case 1:12- cv-3005-WSD, 2012 WL 13104826 (N.D. Ga. Nov. 26, 2012) (slip op.).

deliver prerecorded messages, (2) placing calls to numbers on the National Do Not Call Registry, and (3) displaying "spoofed" caller ID numbers. The CIDs direct Respondent to produce documents, answer interrogatories, and to appear and provide testimony on topics related to the investigation.

As discussed more fully in the accompanying memorandum, while Respondent has produced some limited information responsive to the CIDs, it has withheld certain key documents and refuses to make available a witness for an investigational hearing. Respondent has neither asserted any colorable legal ground for its noncompliance nor sought administrative relief from the Commission. Respondent's failure to comply with the CIDs in their entirety has burdened and impeded the Commission's investigation. The Commission therefore asks this Court to issue an order directing Respondent to comply and cure certain specific deficiencies within 10 days from the date of the Court's order.[2]

This proceeding is properly instituted by a petition and order to show cause (rather than a complaint and summons) and is summary in nature. *See, e.g.*, *United States v. Elmes*, 532 F.3d 1138, 1141-45 (11th Cir. 2008); *United States v. Markwood*, 48 F.3d 969, 981-82 (6th Cir. 1995); *Appeal of FTC Line of Bus. Report Litig.*, 595 F.2d 685, 704-05 (D.C. Cir. 1978).[3] Discovery or evidentiary hearings are granted only upon a showing of exceptional circumstances. *See, e.g.*, *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *FTC v. MacArthur*,

---

[2] A proposed Order Compelling Respondents to Comply with the Federal Trade Commission's Civil Investigative Demands or To Show Cause Why They Failed To Do So is attached.

[3] The FTC has used the same procedure in prior cases filed in this district. *See FTC v. Lambert*, Case No. 0:19-cv-61867 (S.D. Fla. filed July 25, 2019); *FTC v. National Processing Co., et al.*, Case No. 1:13-mc-23437 (S.D. Fla. filed Sept. 24, 2013).

532 F.2d 1135, 1141-42 (7th Cir. 1976); *Genuine Parts Co. v. FTC*, 445 F.2d 1382, 1388 (5th Cir. 1971).

A declaration under penalty of perjury of FTC attorney Christopher E. Brown, which verifies the allegations of this Petition, is attached hereto as Petition Exhibit ("PX") 1. The Commission also submits the following additional exhibits:

| | |
|---|---|
| PX2 | Application by Foreign Corporation for Authorization to Transact Business in Florida; |
| PX3 | The Stratics Group Inc.'s Florida 2020 Foreign Profit Corporation Annual Report; |
| PX4 | Civil Investigative Demand to The Stratics Group Inc. d/b/a Stratics Networks (October 26, 2020); |
| PX5 | Email from Andrew Iler (November 6, 2020); |
| PX6 | Letter from Lois C. Greisman (November 9, 2020); |
| PX7 | Email from Jane Wagner (November 20, 2020); |
| PX8 | Letter from Lois C. Greisman (November 24, 2020); |
| PX9 | Emails from Jane Wagner and Michael Donahue Concerning Initial CID Responses (November 25, 2020, and December 1, 2020); |
| PX10 | The Stratics Group. Inc.'s Response to Civil Investigative Demand (December 9, 2020); |
| PX11 | Response of Stratics Group, Inc to Civil Investigative Demand (December 11, 2020); |
| PX12 | Email from Jane Wagner (December 21, 2020); |

PX13        Email from Christopher E. Brown (January 7, 2021);

PX14        Letter from Lois C. Greisman (December 28, 2020);

PX15        Email from Christopher E. Brown (January 28, 2021);

PX16        Civil Investigative Demand to The Stratics Group Inc. d/b/a Stratics

                Networks (March 1, 2021);

PX17        Email from Suzanne Barth (March 1, 2021);

PX18        Letter from Josh Justice (March 10, 2021);

PX19        Stratics Group. Inc.'s Response and Objections to Civil Investigative

                Demand (March 15, 2021);

PX20        Email from Christopher E. Brown (March 16, 2021);

PX21        Letter from Christopher E. Brown (March 17, 2021);

PX22        Email from Jane Wagner (March 26, 2021);

PX23        Email from Christopher E. Brown (March 30, 2021);

PX24        Email from Jane Wagner (April 1, 2021);

PX25        Email from Christopher E. Brown (April 2, 2021);

PX26        Letter from Edward Glynn, Jr. (April 6, 2021);

PX27        Letter from Lois C. Greisman (April 6, 2021).

## The Parties

1.      The Commission is an administrative agency of the United States government,

organized and existing pursuant to the FTC Act, 15 U.S.C. § 41, *et seq*. The Commission is

authorized by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prevent unfair or deceptive acts

or practices in or affecting commerce. The Commission is also authorized by the Telemarketing

4

and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the rules promulgated under the authority of that Act, the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, to prevent deceptive or abusive telemarketing acts or practices. Under the TSR, "abusive" telemarketing includes such conduct as failing to provide correct information to caller identification services or placing calls that deliver prerecorded messages without the prior express written consent of the recipient. 16 C.F.R. §§ 310.4(a)(8), 310(b)(1)(v).

2.      Respondent, The Stratics Group Inc., also d/b/a Stratics Networks,[4] is a company that is located and/or transacts business in Florida. PX1 at 4, ¶¶7-8; PX2 at 2-4; PX3. The Stratics Group and Stratics Networks are interrelated entities that share the same director and outside legal counsel. PX2; PX3; PX12 at 1.

      a.      The Stratics Group Inc. ("Stratics Group") is a Delaware corporation that is registered to do business in Florida and Alabama. PX2; PX3. Stratics Group's sole director is Joshua Justice Long. PX3.

      b.      Stratics Networks Inc. ("Stratics Networks") is a Canadian corporation registered at 762 Upper James Street, Suite 287, Hamilton, Ontario, and its sole director is Joshua Justice Long. PX18.

### Jurisdiction and Venue

3.      Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry in any part of the United States. Section 6 of the Act, 15 U.S.C. § 46,

---

[4] The full definition of Respondent, as provided in the CID, is as follows: "'**Stratics**,' '**You**,' or '**Your**' means The Stratics Group Inc. d/b/a Stratics Networks, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing."

empowers the Commission to gather and compile information concerning, and to investigate, from time to time, the organization, business, conduct, practices and management of any person, partnership, or corporation engaged in or whose business affects commerce, with certain exceptions not relevant here. Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the production of documents or other information relating to any Commission law enforcement investigation.

4.     This Court has jurisdiction to enforce the Commission's duly issued CIDs, including the CIDs issued to Respondent, under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), which provides in pertinent part:

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section . . . the Commission, through such officers or attorneys as it may designate, may file in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

15 U.S.C. § 57b-1(e). Section 20(h) authorizes the Court "to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section." 15 U.S.C. § 57b-1(h). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

5.     Respondent is found and engages in "commerce," as defined under Section 4 of the FTC Act, in this district. PX1 at 4, ¶¶7-8; PX2 at 2-4; PX3. Therefore, venue is proper in this district under Section 20 of the FTC Act. 15 U.S.C. § 57b-1(e).

6

### The Commission's Investigation

6.      Respondent is a provider of various telecommunications services and products, including ringless voicemail ("RVM"), Bulk SMS, Interactive Voice Response (IVR), and voice broadcasting.

7.      The Commission is investigating Respondent for assisting and facilitating TSR violations. As part of this investigation, on October 26, 2020, the Commission issued a CID to Respondent. The CID was issued pursuant to Commission Resolution No. 123145, which authorizes the use of compulsory process under Section 20 of the FTC Act, 15 U.S.C. §57b-1:

> [t]o determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in . . . deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support . . . to telemarketers engaged in unlawful practices.

*See*, *e.g.*, PX4 at 18. Commissioner Christine Wilson approved the issuance of the CID. PX4 at 3.

8.      The CID required Respondent to identify certain subject customers, respond to 12 document requests and 8 interrogatories, and produce a witness to testify on behalf of the Respondent at an Investigational Hearing.[5]  The initial return date for the CID was November 25, 2020, and the Investigational Hearing was scheduled for December 15, 2020. PX4 at 3.

9.      The Commission's Rules of Practice permit a CID recipient to raise legal or other objections to a CID by filing a petition to limit or quash. 16 C.F.R. § 2.10. Under the Rules, the deadline to file such a petition for this CID was November 15, 2020. PX4 at 3.

---

[5] The FTC is concurrently filing a Motion to Seal that seeks the Court's permission to redact the names of these subject customers and Respondent's responses to compulsory process.

10.     The Commission served the CID on The Stratics Group's registered agent, CT Corporation System, at 2 North Jackson Street, Suite 605, Montgomery Alabama, 36104. PX4 at 1, 3.

11.     On November 6, 2020, in-house counsel for Stratics Networks, Andrew Iler, confirmed receipt of the CID, stating: "I confirm that I received the CID and attending documents from our Registered Agent yesterday, Thursday, November 5, 2020. Prior to receiving the package, I was not aware that the Registered Agent had received the documents or sent the documents to us." PX5 at 1.

12.     At Respondent's request, the Commission extended the return date from November 25, 2020, to December 9, 2020, extended the deadline to file a petition to limit or quash the CID with the Commission from November 15, 2020, to November 25, 2020, and agreed to delay the Investigational Hearing from December 15, 2020, to December 29, 2020. PX6.

13.     On November 23, 2020, Respondent notified the Commission it would not meet the extended December 9 return date, but promised a rolling production, and requested another extension of the deadline to file a petition to limit or quash. PX7 at 1.

14.     On November 24, 2020, the Commission granted Respondent's request and extended the deadline to file a petition to limit or quash to December 2, 2020. PX8. Respondent, however, did not file a petition to limit or quash. PX1 at 7, ¶24. Instead, Respondent made initial rolling productions in late November and early December. *Id*. at 4.

15.     On November 25 and December 1, Respondent provided a preliminary response to Specification A of the CID, which requests account identifying information concerning

specifically identified Stratics' customers—defined therein as "Subject Customers or Subcribers." PX9.

16.     On December 9, 2020, Respondent's counsel emailed Commission staff an unsigned document entitled "THE STRATICS GROUP INC.'S RESPONSE TO CIVIL INVESTIGATIVE DEMAND." PX10 at 1. Respondent claimed therein: "███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████." *Id.* This document, however, did not purport to challenge the service of the CID as ineffective on Stratics Group. *Id.*

17.     On December 11, 2020, Respondent's counsel submitted another unsigned document entitled "RESPONSE OF STRATICS GROUP, INC TO CIVIL INVESTIGATIVE DEMAND." PX11 at 1. Despite this title indicating it was the response of Stratics Group, the substantive portions of the response were attributed to Stratics Networks. *Id.* at 4-10.

18.     Because the documents were unsigned, Commission staff attempted to clarify whether opposing counsel represented Stratics Group, Stratics Networks, or both. PX1 at 5, ¶14. Opposing counsel later clarified by email that they represent *both* Stratics Group and Stratics Networks. *Id.*, PX12 at 1. Thereafter, Respondent's counsel continued to produce responsive documents on a rolling basis. PX1 at 5, ¶14.

### Respondent's Noncompliance with CIDs

19.     Respondent's initial rolling productions were materially deficient in several respects. Respondent did not produce (1) "internal communications" referring to certain types of

9

specified calls, PX4 at 10, specification D.7, D.8, D.9, and D.10; (2) government or private inquiries and subpoenas about calls originated by Stratics, and all responses thereto, PX4 at 9, specification D.3; and (3) complete call detail records pertaining to certain identified customers, PX4 at 8, specification A.2. PX1 at 5, ¶15.

20.     Commission staff expressed concern about these deficiencies to opposing counsel by email on December 18, 2020, PX12 at 2, January 7, 2021, PX13 at 1-2, and during a telephone conference on January 13, 2021. PX1 at 5, ¶16. Staff also expressed concern that Respondent had produced its email communications as PDFs rather than in native format, as required by the Bureau of Consumer Protection (BCP) Production Requirements. PX12 at 2; *see also* PX4 at 15-17.

21.     On December 28, 2020, the Commission modified the CID to extend the date of the investigational hearing to January 28, 2021, because Respondent had failed to produce sufficient documents to permit Commission to elicit meaningful oral testimony. PX14.

22.     In mid-January 2021, Respondent provided a portion of the call detail records requested in the CID. PX1 at 6, ¶17.

23.     On January 27, 2021, Commission staff informed Respondent's counsel that the investigational hearing would have to be delayed again because Respondent had not produced sufficient documents to permit the Commission to elicit meaningful oral testimony. PX15.

24.     Respondent produced the requested information about government and private inquiries and subpoenas on January 28, 2021, and another portion of the requested call detail records on February 11, 2021. PX1 at 6, ¶19. After reviewing the call detail records, however, staff discovered that Respondent had only produced records for calls made from August through

early December 2020. *Id*. The applicable time period set forth in the CID, however, is "from January 1, 2018 until the date of full and complete compliance with [the] CID." PX4 at 6.

25.     On March 18, 2021, Respondent attempted to produce some, but not all, email communications in native format. PX1 at 6, ¶20. This production was materially deficient because it contained emails that had been forwarded to opposing counsel, which resulted in the stripping of metadata and attachments from the original communications. *Id*. To date, Respondent has not properly produced any email communications in native format as required by the CID. *Id*.

26.     During a telephone conference on February 16, 2021, Respondent's counsel disputed its obligation to produce internal communications responsive to CID specifications D.7, D.8, D.9, and D.10, PX4 at 10, because Respondent contends that its voicemail insertion technology known as "ringless voicemail" or "voicemail drops" does not make telephone calls. PX1 at 6, ¶21. Rather, Respondent contends its ringless voicemails are not "calls" and, thus, Respondent has no obligation to produce any documents related to "calls." *Id*.

27.     Commission staff provided Respondent's counsel via email with case law that refutes Respondent's contention that ringless voicemails are not calls. *See, e.g., Gurzi v. Penn Credit, Corp.*, 449 F. Supp.3d 1294, 1298-99 (M.D. Fla. 2020); *Schaevitz v. Braman Hyundai, Inc.*, 427 F.Supp.3d 1237, 1247 (S.D. Fla. 2019); *Picton v. Greenway Chrysler-Jeep-Dodge, Inc.*, No. 6:19-CV-196-ORL-31, 2019 WL 2567971 (M.D. Fla. June 21, 2019); *Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907, 911-12 (W.D. Mich. 2018); *see also FTC v. Cardiff*, ED CV 18-2104-DMG (PLAx) (C.D. Cal. Oct. 9, 2020) (granting the FTC's motion for summary judgment on defendant's liability for TSR violations relating to ringless voicemail campaigns.).

PX1 at 7, ¶22. Nonetheless, Respondent has maintained its unfounded objection and refused to provide internal communications pursuant to CID specifications D.7, D.8, D.9, and D.10. *Id.*

28.     Although Respondent's objection was neither well-founded nor properly raised in a petition to quash the CID, on March 1, 2021, the Commission issued a second CID intended to moot Respondent's objection by defining "subject calls" to expressly include ringless voicemails. PX16 at 3. Because the CID was issued to overcome Respondent's baseless objection to the first CID, the second CID was narrowly tailored and included four document requests substantially similar to four document requests propounded in the first CID and one additional interrogatory. PX1 at 7, ¶23. The CID's return date was set for March 15. PX16 at 3.

29.     The Commission served the second CID on The Stratics Group Inc.'s registered agent, CT Corporation System, at 2 North Jackson Street, Suite 605, Montgomery Alabama, 36104. PX13. The Commission also sent a courtesy copy of the second CID to Respondent's counsel on March 1, 2021. PX17.

30.     Respondent neither filed a petition to limit or quash nor sought an extension of the deadline to respond to the second CID. PX1 at 7, ¶24.

31.     On March 10, 2021, Respondent sent a letter to the Commission from Joshua Justice, President and CEO of Stratics Networks. PX18. In the letter, Mr. Justice claimed: "█████

██████████████████████████████████████████████████████████

████████████████████████████████████," and, therefore, "█████

████████████████████████████████████████████████████████

██████████████████████████████." PX18.

32.     On March 15, 2021, Respondent's counsel sent a written response ███████

████████████████████████████████████████████████████████████████████████

███████████████████████████████     PX19. To date, Respondent has produced no

documents or interrogatory response pursuant to the second CID. PX1 at 7, ¶25.

33.     On March 16, 2021, Commission staff sent to Respondent's counsel an email that

included a request for available dates to schedule the Investigational Hearing. PX20.

34.     On March 17, 2021, Commission staff sent to Respondent's counsel a letter

stating that Respondent was in default with respect to both CIDs. PX21. The letter instructed

Respondent to address and cure three specific deficiencies:

> a.     "By March 24, 2021, Stratics must produce all responsive documents in
> native format";
>
> b.     "By March 24, 2021, Stratics must produce complete and verified answers
> to interrogatories in Specification E of the First CID on behalf of Stratics Group,
> Inc."; and
>
> c.     "By March 30, 2021, Stratics must produce all responsive 'internal
> communications.'" PX 21 at 3.

35.     In an email dated March 26, 2021, Respondent's counsel represented, "the

company continues to work to ensure it provides the FTC with the information requested,"

despite also contending "the FTC lacks jurisdiction over Stratics Networks in this matter and that

the FTC has never properly served Stratics Networks with the CID." PX22. Stratics' counsel also

claimed there are "no representatives for The Stratics Group, Inc. residing in or present in the

United States that are qualified to testify on behalf of the company," and the individuals

previously named to testify at an investigational hearing could not make themselves available because COVID-19 travel restrictions would prevent them from traveling to the United States to appear in the same physical room as their attorneys. PX22 at 1-2.

36.     On March 30, 2021, by both telephone and email, Commission staff informed Respondent's counsel that further delay was unacceptable. PX23. Commission staff requested that Respondent provide a date certain for the Investigational Hearing in the month of April 2021. *Id.*

37.     Respondent's counsel emailed Commission staff on April 1, 2021 and proposed making available a representative of Stratics Networks to testify, but *not* pursuant to the CID. PX24. Respondent's counsel also proposed to limit the hearing to seven hours and add a stipulation that would permit the witness to consult with counsel before answering questions. *Id.*

38.     On April 2, 2021, Commission staff emailed Respondent's counsel and rejected Respondent's proposal because the proposal would have violated 16 C.F.R. § 2.9(b)(1), which prohibits counsel from consulting with the witness while a question is pending, and it would likely not have resulted in testimony that bound Respondent with respect to the Commission's CID. PX25 at 1. Commission staff also emphasized that whether Stratics Networks and Stratics Group were separate companies was irrelevant. Rather, the relevant inquiries are whether Respondent has possession, custody, or control over the documents at issue and whether Respondent can designate a witness to testify about information known or reasonably available to it pursuant to 16 C.F.R. § 2.7(h). *Id.*

39.     On April 6, 2021, Respondent's counsel emailed a letter to the Commission's Associate Director of the Division of Marketing Practices, Lois C. Greisman. PX26. This letter

did not set forth any new basis for Respondent's noncompliance but merely reiterated Respondent's position. *Id*.

40.     On April 6, 2021, Ms. Greisman sent to Respondent's counsel a response letter confirming that Respondent's Investigational Hearing proposal was unacceptable. PX27. Ms. Greisman also reiterated that Respondent's contention that Stratics Networks and The Stratics Group are separate entities is not relevant to whether Respondent must produce documents under its possession, custody, or control and designate a witness to testify about information known or reasonably available to it. *Id*.

41.     To date, Respondent has failed to produce complete call detail records and internal communications pursuant to specifications D.7, D.8, D.9, and D.10 from the first CID, or specifications A.1, A.2, A.3, and A.4 from the second CID. PX1 at 7-8, ¶26. Respondent has also failed to provide email communications in native format, as required by the BCP Production Requirements. *Id*. Respondent has also failed to respond to the interrogatory set forth in specification B.1 of the second CID. *Id*. Finally, Respondent has failed to designate and make available a witness to testify pursuant specification F of the first CID. *Id*.

42.     Respondent's failure to provide the information specified and directed has burdened, delayed, and impeded the Commission's investigation. PX1 at 8, ¶27.

## **MEMORANDUM OF LAW**

The court's role in a proceeding to enforce an administrative subpoena or CID is "sharply limited." *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 623 (11th Cir. 1994) (quoting *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991)). While "the court's function is neither minor nor ministerial, the scope of issues which may be litigated in a [compulsory

process] enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*) (internal citation omitted). A district court must enforce agency process so long as (1) the inquiry is within the authority of the agency; (2) the demand is not too indefinite; and (3) the information sought is reasonably relevant. *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996) (per curiam) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)); *Fla. Azalea Specialists*, 19 F.3d at 623; *see also United States v. Lockheed Martin Corp.*, 995 F. Supp. 1460, 1462 (M.D. Fla. 1998).

As documented in the accompanying declaration, the Commission has satisfied each of the requirements for judicial enforcement of its CIDs. *See* PX1. The CID was duly issued in an investigation the Commission is authorized to conduct, is not too indefinite, and seeks documents and information reasonably relevant to the investigation. Moreover, having failed to raise any objections to the CID in an administrative petition to limit or quash, Respondent has waived any defenses to enforcement. *See supra* ¶ 9, ¶ 14, ¶ 28; 16 C.F.R. § 2.10(a).

I.      **The Commission is Authorized to Conduct the Investigation**

The FTC is authorized to issue CIDs and to conduct the investigation at issue. *See supra* ¶ 3. Section 5 of the FTC Act prohibits unfair or deceptive acts or practices in or affecting commerce. *See* 15 U.S.C. § 45. Further, in the Telemarketing and Consumer Fraud and Abuse Prevention Act, Congress empowered the Commission to prescribe rules prohibiting deceptive or abusive telemarketing practices, here, the TSR, and to enforce these rules using all the investigative powers authorized by the FTC Act. See 15 U.S.C. §§ 6102(a), 6105(b). The two CIDs request records and information regarding Respondent's possible role in assisting and

facilitating violations of the TSR. The purpose of the CIDs is to determine whether Respondent's

conduct violates Section 5 or constitutes abusive telemarketing practices in violation of the TSR.

Accordingly, the investigation to which the CIDs pertain falls well within the FTC's statutory

authority.

## II.     The CIDs Were Duly Issued

The instant CIDs were issued in accordance with all the requirements of the FTC Act and

its implementing rules. *See* PX4; 15 U.S.C. § 57b-1; 16 C.F.R. § 2.7.

The CIDs satisfy the Act's requirements of "definiteness and certainty" because they

specify the kinds of documents and information to be produced. The first CID contains 12

document requests and 8 interrogatories, and seeks testimony on 2 topics, all of which are

described with detail sufficient to enable respondent to "fairly identif[y]" responsive information.

15 U.S.C. §§ 57b-1(c)(3)(A), (c)(5)(A); *see also* PX4 at 6-12. The second CID contains 4

document requests and 1 interrogatory, which are likewise sufficiently definite to permit

Respondent to fairly identify responsive documents and provide a response to the interrogatory.

15 U.S.C. §§ 57b-1(c)(3)(A), (c)(5)(A); *see also* PX16 at 6-7.

Upon respondent's request, the Commission modified the first CID to allow for a return

date more than six weeks after issuance and Respondent did not seek an extension to respond to

the second CID. Thus, Respondent has been permitted a "reasonable period of time" to assemble

its responses. 15 U.S.C. § 57b-1(c)(3)(B), (c)(5)(B). The CID "identif[ied] the custodian[s]" to

whom Respondent was obliged to provide all responsive materials. *See* 15 U.S.C. § 57b-

1(c)(3)(C), (c)(5)(C); *see also* PX4 at 5, PX16 at 5. Moreover, the CIDs were "signed by a

Commissioner," in this instance, Commissioner Christine Wilson, "acting pursuant to a

Commission resolution." 15 U.S.C. § 57b-1(i); *see also* PX4 at 3, PX16 at 3. Additionally, the CID included a copy of the Commission's compulsory process resolution, as provided by the Commission's Rules of Practice. *See supra* ¶ 7; 16 C.F.R. § 2.6; PX4 at 18, PX16 at 16. Together with the accompanying cover letter and the "Subject of the Investigation" statement in the CIDs, these materials gave Respondent ample notice of "the nature of the conduct constituting the alleged violation which is under investigation and the provision of the law applicable to such violation." 15 U.S.C. § 57b-1(c)(2); 16 C.F.R. § 2.6; PX4 at 1-2, 6, PX16 at 1-2, 6; *see FTC v. O'Connell Assocs., Inc.*, 828 F. Supp. 165, 170-71 (E.D.N.Y. 1993) (notice requirement is met by "cit[ing] a resolution giving the FTC authority to use compulsory process.").

### III.    The Information Sought is Relevant and Material to the Investigation

In an investigation, the Commission is not limited to seeking information that is necessary to prove specific charges. Rather, the purpose of an investigation is to learn whether there is reason to believe that the law has been, or is being, violated and, if so, whether the issuance of a complaint would be in the public interest. *See Texaco*, 555 F.2d at 872; *see also Fla. Azalea Specialists*, 19 F.3 at 622-23 (an agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not") (quoting *Morton Salt*, 338 U.S. at 642-43). The required documents and information, therefore, need only be relevant to the investigation—the boundary of which may be defined by the agency quite generally. *See Carter*, 636 F.2d at 787-88; *Texaco*, 555 F.2d at 874, n.26; *see also FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1088 (D.C. Cir. 1992) (stating that the FTC's compulsory process resolution defined the purpose of the investigation).

The CIDs at issue seek information that goes to the heart of the current investigation. As described above, the CIDs require Respondent to produce documents, respond to interrogatories, and designate a witness to testify about the documents produced and interrogatory answers given. This information is relevant to and directly serves the purpose of the FTC's investigation by enabling staff to determine whether Respondent assisted and facilitated violations of the TSR in violation of Section 5 and the TSR. This information also enables Commission staff to identify other individuals or entities that may have committed TSR violations. *See Fla. Azalea*, 19 F.3d at 624.

## IV.     Respondent's Failure to Exhaust Its Administrative Remedies Precludes It From Challenging Judicial Enforcement

A CID recipient's "failure to exhaust administrative remedies" by filing a petition to limit or quash with the Commission "precludes [it] from raising objections to the judicial enforcement of the CID." *See FTC v. Tracers Info. Specialists, Inc*., No. 8:16-MC-18TGW, 2016 WL 3896840, at *3 (M.D. Fla. June 10, 2016). Respondent did not file a petition to limit or quash either CID and, therefore, is precluded from raising any issues concerning the Commission's petition that it could have raised before the Commission in the first instance.

Section 20(f) of the FTC Act provides that a CID recipient may file with the Commission a petition to "modify[] or set[] aside the demand" within 20 days, but otherwise "*shall comply with any portions of the demand not sought to be modified or set aside.*" 15 U.S.C. § 57b-1(f)(2) (emphasis added). The Commission's Rules of Practice implement this provision by requiring a CID recipient to file a "petition to limit or quash any compulsory process" setting forth "all assertions of protected status or other factual and legal objections to the Commission's

compulsory process, including all appropriate arguments, affidavits, and other supporting documentation." 16 C.F.R. § 2.10(a)(1).

Because Respondent failed to exhaust this administrative remedy, it may not now contest enforcement of the CID "for any reason short of objections based on constitutional grounds." *EEOC v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1064 (5th Cir. 1979) (per curiam).[6] *See also Morton Salt*, 338 U.S. at 653 (recipient of FTC process may not challenge the demands as "arbitrarily excessive" without first making "reasonable efforts before the Commission itself to obtain reasonable conditions"); *O'Connell Assocs.*, 828 F. Supp. at 168 (exhaustion requirement applies even if a process recipient "waits for the FTC to bring an action [rather] than if he himself institutes it. In either case, there was an administrative mechanism for him to utilize and he failed to do so."). Any objections to enforcement Respondent may now offer are not proper defenses to enforcement.

V.      **Even if Respondent Could Now Challenge Enforcement by Claiming that Stratics Group and Stratics Networks are Separate Entities, Such a Challenge Would Fail**

In its written response to the second CID, which is styled "STRATICS GROUP, INC.'S RESPONSE AND OBJECTIONS TO CIVIL INVESTIGATIVE DEMAND," Respondent claims that the Commission ███████████████████████████████████████████ ███████████████████████████████████████████████ ." PX19 at 2-3. Respondent also maintains that ███████████████████

---

[6] Cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

████████████████████████████████████████████████████

██" *Id.* Finally, Respondent avers that ████████████████████████

████████████████ *Id.*

     As a preliminary matter, the undisputable facts rebut Respondent's contention that

████████████████████████████████. *See* PX10 at 1. After the

Commission served the first CID on Stratics <u>Group's</u> (underlining added) registered agent,

Commission staff received an email from Andrew Iler, in-house counsel for Stratics <u>Networks</u>

(underlining added), which stated: "I confirm that I received the CID and attending documents

from *our* Registered Agent yesterday, Thursday, November 5, 2020." *Supra* ¶ 11; PX5 at 1

(emphasis added). Accordingly, Stratics Networks' own in-house counsel clearly understands

Stratics Group and Stratics Networks to be related. Furthermore, between late November and

early December, Stratics <u>Group</u> provided preliminary responses to Specification A of the first

CID which requests account identifying information concerning specific customers for whom

Stratics <u>Networks</u> maintained accounts or provided services. *See* PX9. Stratics Group's

preliminary responses belie any such claim that the two companies are separate entities

notwithstanding Respondent's later contention that the account identifying information "████

████████████████████████████████" PX11 at 4. Indeed, since Stratics Group

produced such information, such documents obviously are within its custody or control.

     If more evidence of the close relationship between Stratics Group and Stratics Networks

is necessary, there is an abundance. First, both entities have common ownership. The sole

director for Stratics Networks is Joshua Justice, who is also the sole director for 7868758 Canada

Inc., which owns Stratics Group. Second, both Stratics Group and Stratics Networks are

represented by the same outside counsel. Third, in Respondent's written responses to the CIDs, the responses include assertions attributed to both Stratics Group and Stratics Networks. PX11 at 1 ("█████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████"), PX19 at 3, n.2 (████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████").

Regardless, whether Stratics Group and Stratics Networks are separate entities is not the relevant inquiry. Respondent is obligated to produce documents and provide information that is in its "possession, custody, control." 15 U.S.C. § 57b-1(c)(11)-(13). As Respondent has repeatedly demonstrated in its rolling productions of responsive documents and interrogatory responses, Respondent clearly has possession, custody, or control over responsive documents and information.

## **PRAYER FOR RELIEF**

Wherefore, the Commission invokes the aid of this Court and prays:

A.    For the immediate issuance of an order directing Respondent to appear and show cause why it should not comply in full with the CIDs;

B.    For a prompt determination of this matter and an order requiring Respondent to fully comply with the CIDs within ten (10) days of such order, or at such later date as may be established by the Commission;

C.    For such other relief as this Court deems just and proper.

Respectfully submitted,

JAMES REILLY DOLAN
Acting General Counsel

22

MICHELE ARINGTON
Assistant General Counsel for Litigation


_/s/ Christopher E. Brown_
Christopher E. Brown, Special Bar. No. A5501993
Suzanne Barth, Special Bar No. A5502760
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W., Mailstop CC-8528
Washington, D.C. 20580
(202) 326-2825; cbrown3@ftc.gov
(202) 326-3317; sbarth@ftc.gov
Attorneys for Petitioner

Dated:   June 15, 2021