# **Petition Exhibit 16**

**Civil Investigative Demand to The Stratics Group Inc. d/b/a Stratics Networks**
**(March 1, 2021)**



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the Secretary

March 1, 2021

<u>Via FedEx</u>

The Stratics Group Inc. also d/b/a Stratics Networks
c/o Registered Agent: CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

    FTC Matter No. 2023189

Dear Stratics:

    The Federal Trade Commission ("FTC") has issued the attached Civil Investigative Demand ("CID") asking for information as part of a non-public investigation. Our purpose is to determine whether Stratics, as defined in the CID schedule, has initiated, caused the initiation of, or assisted the initiation of outbound telephone calls that delivered prerecorded messages, used spoofed caller identification numbers, or were placed to numbers listed on the National Do Not Call Registry, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. Part 310, and whether Commission action to obtain monetary relief would be in the public interest. Please read the attached documents carefully. Here are a few important points we would like to highlight:

1. **Contact FTC counsel, Christopher Brown (202-326-2825 or cbrown3@ftc.gov), as soon as possible to schedule a telephone call to be held within 7 days.** During that telephone call, FTC counsel can address any questions or concerns you have regarding this CID, including whether there are changes to how you comply with the CID that would reduce your cost or burden while still giving the FTC the information it needs. Please read the attached documents for more information about that meeting.

2. **You must immediately stop any routine procedures for electronic or paper document destruction, and you must preserve all paper or electronic documents** that are in any way relevant to this investigation, even if you believe the documents are protected from discovery by privilege or some other reason.

3. **The FTC will use information you provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces.** We will not disclose the information under the Freedom of Information Act, 5 U.S.C. § 552. We may disclose the information in response to a valid request from Congress, or to other civil or criminal law enforcement agencies for their official law enforcement purposes. The FTC or other agencies may use and disclose your response in any civil

or criminal proceeding, or if required to do so by law. However, we will not publicly disclose your information without giving you prior notice.

4. **Please read the attached documents closely.** They contain important information about how you should provide your response.

Please contact FTC counsel as soon as possible to set up an initial meeting. We appreciate your cooperation.

Very truly yours,

April J. Tabor
Secretary

United States of America
Federal Trade Commission

# *CIVIL INVESTIGATIVE DEMAND*

| 1. TO | 1a. MATTER NUMBER |
|---|---|
| The Stratics Group Inc. also d/b/a Stratics Networks<br>c/o Registered Agent: CT Corporation System<br>2 North Jackson Street, Suite 605<br>Montgomery, AL 36104 | 2023189 |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

2. ACTION REQUIRED

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
|  |  |
|  | DATE AND TIME OF HEARING OR DEPOSITION |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

☐ You are required to produce the tangible things described on the attached schedule. Produce such things to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS, ANSWERS TO INTERROGATORIES, REPORTS, AND/OR TANGIBLE THINGS MUST BE AVAILABLE

March 15, 2021 by 5:00 pm EST

3. SUBJECT OF INVESTIGATION

See attached Schedule and Resolution.

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Lois Greisman / Christine Barker<br>Federal Trade Commission<br>600 Pennsylvania Ave. NW, Mail Stop CC-8528<br>Washington, DC 20580 | Christopher Brown (202-326-2825; cbrown3@ftc.gov)<br>Suzanne Barth (202-701-6600; sbarth@ftc.gov)<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, Mailstop CC-8528<br>Washington, DC 20580 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 03/01/2021 | *Christine Wilson* |

**INSTRUCTIONS AND NOTICES**

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

**PETITION TO LIMIT OR QUASH**

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

**YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS**

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

**TRAVEL EXPENSES**

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCSRulesofPractice. Paper copies are available upon request.

FTC Form **144** (rev 11/17)

## Form of Certificate of Compliance*

I/We do certify that all of the documents, information and tangible things required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document or tangible thing responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to its submission and the reasons for the objections have been stated.

Signature _____

Title _____

Sworn to before me this day

_____  _____

_____
Notary Public

_____

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

FTC Form **144-Back** (rev. 11/17)

# FEDERAL TRADE COMMISSION ("FTC")
## CIVIL INVESTIGATIVE DEMAND ("CID") SCHEDULE
### FTC File No. 2023189

**Meet and Confer:** You must contact **FTC counsel, Christopher E. Brown (202) 326-2825; cbrown3@ftc.gov)**, as soon as possible to schedule a telephonic meeting to be held within seven (7) days after You receive this CID. At the meeting, You must discuss with FTC counsel any questions You have regarding this CID or any possible CID modifications that could reduce Your cost, burden, or response time yet still provide the FTC with the information it needs to pursue its investigation. The meeting also will address how to assert any claims of protected status (e.g., privilege, work-product, etc.) and the production of electronically stored information. You must make available at the meeting personnel knowledgeable about Your information or records management systems, Your systems for electronically stored information, custodians likely to have information responsive to this CID, and any other issues relevant to compliance with this CID.

**Document Retention:** You must retain all documentary materials used in preparing responses to this CID. The FTC may require the submission of additional Documents later during this investigation. **Accordingly, You must suspend any routine procedures for Document destruction and take other measures to prevent the destruction of Documents in Your possession, custody, or control** that are in any way relevant to this investigation, even if those Documents are being retained by a third-party or You believe those Documents are protected from discovery. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

**Sharing of Information:** The FTC will use information You provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces. We will not disclose such information under the Freedom of Information Act, 5 U.S.C. § 552. We also will not disclose such information, except as allowed under the FTC Act (15 U.S.C. § 57b-2), the Commission's Rules of Practice (16 C.F.R. §§ 4.10 & 4.11), or if required by a legal obligation. Under the FTC Act, we may provide Your information in response to a request from Congress or a proper request from another law enforcement agency. However, we will not publicly disclose such information without giving You prior notice.

**Manner of Production:** Contact **Christine Barker (cbarker@ftc.gov, (202) 326-3659)**, by email or telephone at least five days before the return date for instructions on how to produce information responsive to this CID.

**Certification of Compliance:** You or any person with knowledge of the facts and circumstances relating to the responses to this CID must certify that such responses are complete by signing the "Certification of Compliance" attached to this CID.

**Certification of Records of Regularly Conducted Activity:** Attached is a Certification of Records of Regularly Conducted Activity. Please execute and return this Certification with Your response. Completing this certification may reduce the need to subpoena You to testify at future proceedings to establish the admissibility of Documents produced in response to this CID.

**Definitions and Instructions:** Please review carefully the Definitions and Instructions that appear after the Specifications and provide important information regarding compliance with this CID.

## I. SUBJECT OF INVESTIGATION

Whether Stratics, as defined herein, has initiated, caused the initiation of, or assisted the initiation of outbound telephone calls that delivered prerecorded messages, used spoofed caller identification numbers, or were placed to numbers listed on the National Do Not Call Registry, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. Part 310, and whether Commission action to obtain monetary relief would be in the public interest. See also the attached resolution.

## II. SPECIFICATIONS

**Applicable Time Period:** Unless otherwise directed, the applicable time period for the requests set forth below is from January 1, 2018 until the date of full and complete compliance with this CID.

### A. Requests for Production of Documents

1. Produce all internal communications, retained for Your business purposes, in which employees of Stratics discussed or mentioned Subject Calls that were placed to numbers listed on the National Do Not Call Registry. For purposes of this specification, redact and do not produce any information that identifies a specific customer or subscriber.

2. Produce all internal communications, retained for Your business purposes, in which employees of Stratics discussed or mentioned Subject Calls that delivered prerecorded Telemarketing messages. For purposes of this specification, redact and do not produce any information that identifies a specific customer or subscriber.

3. Produce all internal communications, retained for Your business purposes, in which employees of Stratics discussed or mentioned Subject Calls that used spoofed caller ID numbers. For purposes of this specification, redact and do not produce any information that identifies a specific customer or subscriber.

4. Produce all internal communications, retained for Your business purposes, in which employees of Stratics discussed or mentioned Subject Calls that were dialed outside of permissible calling times. For purposes of this specification, redact and do not produce any information that identifies a specific customer or subscriber.

### B. Interrogatory

1. Identify all telecommunications companies that have authorized Stratics to make direct connections to their voicemail systems or servers, the date each such

authorization was granted, and, if applicable, the date each such authorization was rescinded or withdrawn.

**EPCA NOTICE: This CID does not seek any information that is prohibited from disclosure under the Cable Communications Policy Act of 1984 ("Cable Act"), 47 U.S.C. §§ 551** *et seq.***, the Satellite Television Extension and Location Act ("STELA"), 47 U.S.C. § 338(i), or the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2701** *et seq.* **To the extent that You are, for purposes of ECPA, a provider of Electronic Communications Service or Remote Computing Service to a customer or subscriber about whom this CID seeks information, do not divulge a record or information pertaining to such customer or subscriber or the content of such customer's or subscriber's communications, other than the content, records, and information specifically requested in this CID. If You have any questions, please contact FTC counsel before providing responsive information.**

### III.   DEFINITIONS

The following definitions apply to this CID:

D-1. "**Stratics**," "**You**," or "**Your**" means The Stratics Group Inc. d/b/a Stratics Networks, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D-2. "**Document**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by 15 U.S.C. § 57b-1(a)(5), 16 C.F.R. § 2.7(a)(2), or Federal Rule of Civil Procedure 34(a)(1)(A).

D-3. "**Identify**" or "**the Identity of**" requires identification of (a) natural persons by name, title, present business affiliation, present business address, telephone number, and email address or, if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, and the identities of Your contact persons at the business or organization.

D-4. "**Communication**" shall mean any contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any kind or nature was transmitted, transferred or recorded. It includes, without limitation, all Electronically Stored Information, whether opened or unopened, active or deleted.

D-5. "**Subject Call**" means any live, recorded, or computer-generated voice communication originated, dialed, sent, routed, transmitted, delivered, or terminated through any hardware, software, or service provided by, owned by, or leased by Stratics (as the lessor or lessee), including any Software as a Service ("Saas"), Voice over Internet Protocol ("VoIP") service, ringless voicemail, or any other telephony service, regardless of its interconnection with the public-switched telephone network ("PSTN").

## IV. INSTRUCTIONS

I-1. **Petitions to Limit or Quash:** You must file any petition to limit or quash this CID with the Secretary of the FTC no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition must set forth all assertions of protected status or other factual and legal objections to the CID and comply with the requirements set forth in 16 C.F.R. § 2.10(a)(1)–(2). **The FTC will not consider petitions to quash or limit if You have not previously met and conferred with FTC staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process.** 16 C.F.R. § 2.7(k); *see also* § 2.11(b). **If You file a petition to limit or quash, You must still timely respond to all requests that You do not seek to modify or set aside in Your petition.** 15 U.S.C. § 57b-1(f); 16 C.F.R. § 2.10(b).

I-2. **Withholding Requested Material / Privilege Claims:** For specifications requesting production of Documents or answers to written interrogatories, if You withhold from production any material responsive to this CID based on a claim of privilege, work product protection, statutory exemption, or any similar claim, You must assert the claim no later than the return date of this CID, and You must submit a detailed log, in a searchable electronic format, of the items withheld that identifies the basis for withholding the material and meets all the requirements set forth in 16 C.F.R. § 2.11(a)–(c). The information in the log must be of sufficient detail to enable FTC staff to assess the validity of the claim for each Document, including attachments, without disclosing the protected information. If only some portion of any responsive material is privileged, You must submit all non-privileged portions of the material. Otherwise, produce all responsive information and material without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(1).

I-3. **Modification of Specifications:** The Bureau Director, a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director must agree in writing to any modifications of this CID. 16 C.F.R. § 2.7(*l*).

I-4. **Scope of Search:** This CID covers Documents and information in Your possession or under Your actual or constructive custody or control, including Documents and information in the possession, custody, or control of Your attorneys, accountants, directors, officers, employees, service providers, and other agents and consultants, whether or not such Documents or information were received from or disseminated to any person or entity.

I-5. **Identification of Responsive Documents:** For specifications requesting production of Documents, You must identify in writing the Documents that are responsive to the specification. Documents that may be responsive to more than one specification of this CID need not be produced more than once. If any Documents responsive to this CID have been previously supplied to the FTC, You may identify the Documents previously provided and the date of submission.

I-6. **Maintain Document Order:** For specifications requesting production of Documents, You must produce Documents in the order in which they appear in Your files or as electronically stored. If Documents are removed from their original folders, binders, covers, containers, or

electronic source, You must specify the folder, binder, cover, container, or electronic media or file paths from which such Documents came.

I-7. **Numbering of Documents:** For specifications requesting production of Documents, You must number all Documents in Your submission with a unique identifier such as a Bates number or a Document ID.

I-8. **Production of Copies:** For specifications requesting production of Documents, unless otherwise stated, You may submit copies in lieu of original Documents if they are true, correct, and complete copies of the originals and You preserve and retain the originals in their same state as of the time You received this CID. Submission of copies constitutes a waiver of any claim as to the authenticity of the copies should the FTC introduce such copies as evidence in any legal proceeding.

I-9. **Production in Color:** For specifications requesting production of Documents, You must produce copies of Advertisements in color, and You must produce copies of other materials in color if necessary to interpret them or render them intelligible.

I-10. **Electronically Stored Information:** For specifications requesting production of Documents, see the attached FTC Bureau of Consumer Protection Production Requirements ("Production Requirements"), which detail all requirements for the production of electronically stored information to the FTC. You must discuss issues relating to the production of electronically stored information with FTC staff **prior to** production.

I-11. **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI")**: For specifications requesting production of Documents or answers to written interrogatories, if any responsive materials contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps You can take to minimize the amount of Sensitive PII or SHI You produce, and how to securely transmit such information to the FTC.

Sensitive PII includes an individual's Social Security number; an individual's biometric data; and an individual's name, address, or phone number in combination with one or more of the following: date of birth, driver's license or state identification number (or foreign country equivalent), military identification number, passport number, financial account number, credit card number, or debit card number. Biometric data includes biometric identifiers, such as fingerprints or retina scans, but does not include photographs (with the exception of photographs and corresponding analyses used or maintained in connection with facial recognition software) or voice recordings and signatures (with the exception of those stored in a database and used to verify a person's identity). SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I-12. **Interrogatory Responses:** For specifications requesting answers to written interrogatories: (a) answer each interrogatory and each interrogatory subpart separately, fully, and in writing; and (b) verify that Your answers are true and correct by signing Your answers under the following

statement: "I verify under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." The verification must be submitted contemporaneously with Your interrogatory responses.

I-13. **Submission of Documents in Lieu of Interrogatory Answers:** You may answer any written interrogatory by submitting previously existing Documents that contain the information requested in the interrogatory so long as You clearly indicate in each written interrogatory response which Documents contain the responsive information. For any interrogatory that asks You to identify Documents, You may, at Your option, produce the Documents responsive to the interrogatory so long as You clearly indicate the specific interrogatory to which such Documents are responsive.

# CERTIFICATION OF COMPLIANCE
## Pursuant to 28 U.S.C. § 1746

I, _____, certify the following with respect to the Federal Trade Commission's ("FTC") Civil Investigative Demand directed to The Stratics Group Inc. also d/b/a Stratics Networks (the "Company") (FTC File No. 2023189) (the "CID"):

1. The Company has identified all documents, information, and/or tangible things ("responsive information") in the Company's possession, custody, or control responsive to the CID and either:

    (a) provided such responsive information to the FTC; or

    (b) for any responsive information not provided, given the FTC written objections setting forth the basis for withholding the responsive information.

2. I verify that the responses to the CID are complete and true and correct to my knowledge.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Printed Name

_____
Title

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

### Pursuant to 28 U.S.C. § 1746

1. I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by The Stratics Group Inc. also d/b/a Stratics Networks (the "Company") and attached hereto.

3. The documents produced and attached hereto by the Company are originals or true copies of records of regularly conducted activity that:

    a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b) Were kept in the course of the regularly conducted activity of the Company; and

    c) Were made by the regularly conducted activity as a regular practice of the Company.

I certify under penalty of perjury that the foregoing is true and correct.


Date: _____     _____
                                   Signature

**Federal Trade Commission - Bureau of Consumer Protection**
**Production Requirements**
Revised July 2020

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise. If you have questions about these requirements, please contact FTC counsel before production.

**Production Format**

1. **General Format**: Provide load-ready electronic productions with:

    a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable; and

    b. A document level text file, named for the DocID, containing the text of each produced document.

    Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, provide an Opticon image load file (.OPT) containing a line for every image file.

2. **Electronically Stored Information (ESI)**: Documents stored in electronic format in the ordinary course of business must be produced in the following format:

    a. For ESI other than the categories below, submit in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR). Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, they should be converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible.)

    b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata. Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

    c. For other spreadsheet, database, presentation, or multimedia formats; instant messages; or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business must be scanned and submitted as either one multi-page pdf per document or as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**: Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros. Do not use a space to separate the prefix from numbers.

-A1-

5. **Attachments**: Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

6. **Metadata Production**: For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file. The first line of the data load file shall include the field names. <u>Submit date and time data in separate fields</u>. Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ® | 174 |
| \<Return\> Value in data | ~ | 126 |

7. **De-duplication**: Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files**: Remove passwords prior to production. If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

**Producing Data to the FTC**

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol. Contact FTC counsel for instructions. **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites**.

3. If you submit data using physical media:

    a. Use only CDs, DVDs, flash drives, or hard drives. Format the media for use with Windows 7;

    b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

    c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

    a. Production volume name (e.g., Volume 1) and date of production;

    b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

    c. List of custodians and the DocID range for each custodian.

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:         Edith Ramirez, Chairwoman
                       Maureen K. Ohlhausen
                       Terrell McSweeny

RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN A NONPUBLIC INVESTIGATION OF TELEMARKETERS, SELLERS, SUPPLIERS, OR OTHERS

File No. 012 3145

Nature and Scope of Investigation:

To determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in: (1) unfair or deceptive acts or practices in or affecting commerce in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 (as amended); and/or (2) deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support — such as mailing lists, scripts, merchant accounts, and other information, products, or services — to telemarketers engaged in unlawful practices. The investigation is also to determine whether Commission action to obtain monetary relief would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it be used in connection with this investigation for a period not to exceed five years from the date of issuance of this resolution. The expiration of this five-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the five-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the five-year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, 57b-1 (as amended); and FTC Procedures and Rules of Practice, 16 C.F.R. §§ 1.1 *et seq*. and supplements thereto.

By direction of the Commission.    *Donald S. Clark*

Donald S. Clark
Secretary

**Issued: April 1, 2016**